IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| TONY DONOVAN JACKSON, ) | Civil Action No.: 4:08-cv-70120-RBH |
| ) | Criminal No.: 4:07-cr-00358-RBH-1 |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Pending before the Court is Petitioner Tony Donovan Jackson's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255. The Court finds that Petitioner's Motion to Vacate is barred by the one-year statute of limitations for filing a § 2255 motion, and that he has not demonstrated any grounds for equitable tolling. Therefore, the court dismisses his motion as untimely filed.[1]

**Procedural History and Factual Background**

On July 12, 2007, the Petitioner pled guilty to one count of knowingly and intentionally possessing with intent to distribute a quantity of marijuana ("Count 1") in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D), and one count of knowingly possessing a firearm, which had been shipped and transported in interstate commerce, while being an illegal alien ("Count 2") in violation of 18 U.S.C. §§ 922(g)(5)(A), 924(a)(2) & (e). On August 24, 2007, this Court sentenced the Petitioner to a term of imprisonment of 10 months as to Count 1 and 60 months as to Count 2, to run consecutively for a total aggregate sentence of 70 months; however, the

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

judgment was entered and docketed on August 30, 2007. The Petitioner did not file a direct appeal.

On October 14, 2008, the Petitioner filed the Motion to Vacate [Docket # 46] at issue in the instant matter.[2] The Petitioner asserted several grounds for relief in his Motion to Vacate, including ineffective assistance of counsel and lack of jurisdiction by the Court. The Respondent filed a "Motion to Dismiss" the § 2255 Petition as untimely [Docket # 56] on November 3, 2008, which the Court considered a motion for summary judgment. The Court issued an Order filed November 3, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Subsequently, the Petitioner filed a response in opposition to the Respondent's motion. This matter is ripe for review.

## **Standard of Review**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a) (West 2009). In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior

---

[2] The Petitioner signed his Motion to Vacate on October 13, 2008, and the envelope in which the Petitioner's Motion to Vacate was mailed was date-stamped by the McRae Correction Facility mail room as being received on October 14, 2008 [Docket # 46-2]. Under the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a document is deemed filed by a prisoner when it is delivered to prison officials for mailing.

2

proceedings that the moving party is not entitled to relief." LAURIE L. LEVENSON, FEDERAL CRIMINAL RULES HANDBOOK 655 (West 2009); *see* 28 U.S.C. § 2255(b).

## Discussion

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 2255 by imposing a one-year statute of limitations period for the filing of any motion under this Section. Accordingly, the one-year period of limitation begins to run from the latest of the following four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). For purposes of the one-year limitation period, when a defendant does not seek direct review, the judgment of conviction becomes final when the time for filing a direct appeal expires. *Evans v. United States,* No. 4:09-70049-TLW, 2010 WL 1052824, at *2 (D.S.C. Mar. 19, 2010); *see Clay v. United States,* 537 U.S. 522 (2003); *see also United States v. Sanders,* 247 F.3d 139, 142 (4th Cir. 2001) (explaining that the petitioner's conviction became final on the date on which he declined to pursue direct appellate review); *accord Akins v. United States,* 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) (noting that a judgment of conviction becomes final in most cases when the time for filing a direct appeal expires). However, if a defendant

3

unsuccessfully appeals the judgment of conviction, but does not file a petition for a writ of certiorari on direct review, the "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *See Clay,* 537 U.S. at 525; *see also* Sup. Ct. R. 13.1 ("a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").

The Fourth Circuit has held that, under certain circumstances, the AEDPA statute of limitations is subject to equitable modifications such as tolling. *United States v. Prescott,* 221 F.3d 686, 687-88 (4th Cir. 2000). Nevertheless, "rarely will circumstances warrant equitable tolling." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003); *cf. United States v. Metzger,* 3 F.3d 756, 757 (4th Cir. 1993) ("[T]he Supreme Court has held that the government's interest in the finality of its criminal judgments warrants a stringent cause-and-prejudice standard of review for § 2255 movants who waive their right of direct appeal.") (internal quotation marks and citation omitted). In order to be entitled to equitable tolling, the petitioner bears the burden of presenting evidence which shows that (1) he was prevented from timely filing his petition by extraordinary circumstances beyond his control or external to his own conduct, and (2) it would be unconscionable, or a gross injustice would occur, if the limitation were enforced. *See, e.g., United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000).

*Untimeliness*

As this Court stated above, the Petitioner's convictions and sentence were imposed by a Judgment filed on August 30, 2007. Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, he had ten days from that date within which to file a notice of appeal. *See* Fed. R.

4

App. P. 4(b)(1)(A)(I) (2006).[3] However, the Petitioner did not pursue a direct appeal. Because the Petitioner did not seek appellate review, his judgment of conviction became final for the purpose of starting the one-year limitations period on September 9, 2007.[4] The Petitioner then had one-year, specifically until September 9, 2008, in which to file his § 2255 Petition. *See* 28 U.S.C. § 2255(f)(1). The Petitioner's Motion to Vacate at issue here was not filed until October 14, 2008. In his response in opposition to the Respondent's motion for summary judgment [Docket # 59], the Petitioner states that his "§ 2255 motion was filed with the prison authorities: September 22, 2008" pursuant to *Houston v. Lack. Id.* at 1. Further, the Petitioner attaches an Affidavit that he allegedly submitted to prison officials on September 22, 2008 [Docket # 59-2], asserting his rights to a reduced sentence for ineffective assistance of counsel. He claims that he "signed the October 13, 2008 documents when it was discovered that his initial Affidavit was never mailed by the prison authorities." *Docket # 59,* at 3. However, even assuming, *arguendo,* that the Petitioner did submit the Affidavit to prison officials on September 22, 2008, and assuming the Affidavit was to be considered a properly filed motion under § 2255, the motion is still untimely because it was not filed by September 9, 2008. As such, the Motion to Vacate is untimely on its face and, absent equitable tolling, must be dismissed.

---

[3] The rule now provides "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within *14* days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A)(I) (West 2010) (emphasis added).

[4] In his Memorandum in Support of Motion to Vacate [Docket # 46-1], the Petitioner asserts "the conviction and sentence became final on November 24, 2008, because Petitioner Jackson was sentenced on August 24, 2007." *Id.* at 4. To the extent the Petitioner is arguing that his judgment of conviction did not become final until the running of 90 days within which to file a petition for certiorari with the Supreme Court, this argument is without merit because he did not pursue a direct appeal. *See Sanders,* 247 F.3d at 142; *Clay,* 537 U.S. at 531.

The Respondent filed a "Motion to Dismiss" the § 2255 Petition as untimely [Docket # 56] on November 3, 2008, which the Court considered a motion for summary judgment. The Court issued an Order filed November 3, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Subsequently, the Petitioner filed a response in opposition to the Respondent's motion, stating that he "did not file his motion outside of the applicable statute of limitations because the AEDPA period of limitations is not jurisdictional and 'may be subject to equitable tolling' in extraordinary circumstances." [Docket # 59-3]. However, the Petitioner made no substantive argument regarding equitable tolling of the time to file his § 2255 motion. Accordingly, the Court finds that the Petitioner has not demonstrated grounds for equitable tolling and, thus, his motion is dismissed as untimely.

*Certificate of Appealability*

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that the Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

**Conclusion**

Based on the foregoing, it is **ORDERED** that the Petitioner's Motion to Vacate [Docket # 46] is **DISMISSED** as untimely filed, the Respondent's motion for summary judgment [Docket # 56] is **GRANTED**, and the Petitioner's "Motion for Preliminary Review and Initial

Consideration of Section 2255 Motion" [Docket # 67] is **MOOT. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
April 23, 2010